UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| ROCKIES EXPRESS PIPELINE, LLC, | ) | |
|       Plaintiff, | ) | |
| | ) | |
|    vs. | ) | 1:08-cv-1651-RLY-JMS |
| | ) | |
| INDIANA STATE NATURAL | ) | |
| RESOURCES COMMISSION, | ) | |
|       Defendant. | ) | |

**ENTRY ON MOTION FOR LEAVE TO INTERVENE**

This matter is now before the court on the motion to intervene filed by Elrod

Water Company, d/b/a Hoosier Hills Regional Water District ("Hoosier Hills").  For the

reasons set forth below, Hoosier Hill's motion to intervene is **GRANTED**.

**I.      Background**

Rockies Express Pipeline, LLC ("REX"), a natural gas company, is in the process

of constructing an underground pipeline for the purpose of transporting natural gas to

service markets in the Midwest and Eastern regions of the United States.  The section of

the pipeline at issue in this matter ("REX East") will span approximately 638 miles from

Audrain County, Missouri to Monroe County, Ohio.  The construction of REX East will

include the placement of a 42-inch underground pipeline within the floodway of the

Whitewater River in Franklin, Indiana.

The Federal Regulatory Commission ("FERC") has granted REX a Certificate of

Public Convenience and Necessity ("FERC Certificate") authorizing the construction and

operation of REX East. 15 U.S.C. § 717f(c).  The issuance of the FERC Certificate

required REX to submit an application of approval for the construction of REX East to

the Indiana Department of Natural Resources ("DNR").  After the DNR issued REX a

Certificate of Approval ("DNR Certificate"), Hoosier Hills, along with the Franklin

Country Drainage board and several other water utilities, filed petitions with the Indiana

State Natural Resources Commission ("NRC"), seeking administrative review of the

DNR Certificate.  Hoosier Hills seeks to have the DNR Certificate overturned because

REX East is slated to pass through Hoosier Hills' groundwater source, an aquifer under

the Whitewater River.

REX moved for dismissal of the administrative review of the DNR Certificate on

the grounds that federal law preempts the NRC's authority and jurisdiction to conduct

such a review.  That motion was denied by the presiding administrative law judge,

causing REX to file the instant action with this court, seeking a declaration that federal

law indeed preempts any authority or jurisdiction possessed by the NRC to take any

further action in connection with the review of the DNR Certificate.  Hoosier Hills, due to

its standing and participation in the underlying litigation, claims an interest relating to the

property and/or transaction that is the subject of the instant action and requests leave to

intervene.

## II.     Discussion

Hoosier Hills seeks intervention of right pursuant to Federal Rule of Civil

Procedure 24(a), or in the alternative, permissive intervention pursuant to Federal Rule of

Civil Procedure 24(b).

### A.      Intervention of Right

Federal Rule of Civil Procedure 24(a) provides that:

> On timely motion, the court must permit anyone to intervene who . . . (2)
> claims an interest relating to the property or transaction that is the subject of
> the action, and is so situated that the disposing of the action may as a
> practical matter impair or impede the movant's ability to protect its interest,
> unless existing parties adequately represent that interest.

FED. R. CIV. P. 24(a)(2).  A party seeking to intervene under Rule 24(a) must show: (1)

the application to intervene is timely; (2) the applicant has an interest in the property or

transaction that is the subject of the action; (3) disposition of the action as a practical

matter may impair or impede the applicant's ability to protect that interest; and (4) no

existing party adequately represents the applicant's interest.  *Sec. Ins. Co. of Hartford v.*

*Schipporeit, Inc.*, 69 F.3d 1377, 1380 (7th Cir. 1995).  As REX does not dispute the

timeliness of Hoosier Hills' motion to intervene, the court turns to the three remaining

requirements.

### 1.      Hoosier Hills' Interest in the Litigation

The "interest" a movant must possess to intervene under Rule 24(a) need not be a

property right, but "must be a 'direct, significant, legally protectable' one."  *Id.* at 1380

(quoting *Am. Nat'l Bank v. City of Chicago*, 865 F.2d 144, 146 (7th Cir. 1989)).  The

movant must have more than a "betting interest," but need not have a property right.  *Id.*

at 1380-81 (citations omitted).  Whether a movant has an interest sufficient to warrant

intervention as a matter of right is a highly fact-sensitive inquiry. *Id.* at 1381. In

determining whether the movant has a sufficient interest in the litigation, the court looks

to the issues to be resolved by the litigation and whether the movant has an interest in

those issues. *Reich v. ABC/York-Estes Corp.*, 64 F.3d 316, 321 (7th Cir. 1995).

The core issue to be resolved by the instant action is whether federal law preempts

the authority of the NRC to conduct the administrative review of REX's DNR Certificate.

Hoosier Hills argues that it has an interest in the resolution of this issue because of the

adverse effect it could have on the administrative proceedings, to which Hoosier Hills is a

party. REX argues that this is not a sufficient interest to satisfy Rule 24(a)(2) because any

interest Hoosier Hills may have in the continuance of the administrative review is indirect

and contingent until the court makes a determination as to the federal preemption issue.

The court disagrees with REX's assertion that Hoosier Hills only has an indirect

interest in the instant action. The outcome of the case will have a direct impact on

Hoosier Hills, in that it will determine whether Hoosier Hills may proceed with its

contestation of REX's DNR Certificate. Accordingly, the court finds that Hoosier Hills'

interest in the issues to be resolved in this action is sufficient to meet the requirements of

Rule 24(a)(2).

### 2.    Impairment of Hoosier Hills' Interest

Hoosier Hills must show that its ability to protect its interest would be impaired or

impeded absent its intervention. A movant's ability to protect its interest is impaired

when "the decision of a legal question involved in the action would as a practical matter

foreclose rights of the [movant] in a subsequent proceeding." *Meridian Homes Corp. v. Nicholas W. Prassas & Co.*, 683 F.2d 201, 204 (7th Cir. 1982).  In the instant action, REX is asking the court to permanently enjoin the NRC from exercising continuing jurisdiction and authority to conduct an administrative review of the DNR Certificate.  As Hoosier Hills is a party to the administrative review in question, its right to continue to pursue the administrative review would be foreclosed by a ruling in favor of REX.  As such, the court finds that Hoosier Hills' ability to protect its interest in this action would be impaired absent its intervention.

### 3.    Protection of Hoosier Hills' Interest in this Litigation

The last element the court must consider is whether the NRC would adequately represent Hoosier Hills' interest in the present action against REX.  To meet this requirement of Rule 24(a)(2), the movant must demonstrate that the representation of its interest by an existing party may be inadequate.  *Lake Investors Dev. Group, Inc. v. Egidi Dev. Group*, 715 F.2d 1256, 1261 (7th Cir. 1983) (citing *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972)).  The burden of making such showing is minimal.  *Id.*

REX argues that the NRC, by the Indiana Attorney General, adequately represents Hoosier Hills' interest because both the NRC and Hoosier Hills seek to defeat REX's claim that the NRC's authority to review the DNR Certificate is preempted by federal law.  However, as Hoosier Hills points out, the NRC and Hoosier Hills face very different consequences if REX prevails in the instant action.  While the NRC will lose the authority

to continue with its administrative review of the DNR Certificate, Hoosier Hills will lose

any recourse to challenge the construction of REX East and the resulting harm to its

aquifer.  The court finds that this disparity in potential consequences is sufficient to

conclude that the NRC may not adequately represent Hoosier Hills' interest in this action.

For the reasons set forth above, the court finds that Hoosier Hills has satisfied its

burden to show that it is entitled to intervene as a matter of right under Rule 24(a)(2).

However, even if Hoosier Hills had not satisfied its burden under Rule 24(a)(2), the court

finds that it would be entitled to permissive intervention under Rule 24(b).

### B.    Permissive Intervention

Federal Rule of Civil Procedure 24(b) allows permissive intervention when a

movant's claim or defense and the main action share common questions of law or fact.  In

the instant action, there is a common question of law regarding whether the NRC's

authority to conduct an administrative review of the DNR Certificate is preempted by

federal law.  As such, the court finds that Hoosier Hills is entitled to permissive

intervention under Rule 24(b).

### III.   Conclusion

For the foregoing reasons, the court finds that Hoosier Hills is entitled to

intervention of right under Federal Rule of Civil Procedure 24(a), or in the alternative,

permissive intervention under Rule 24(b).  As such, Hoosier Hills' motion to intervene

(Docket # 21) is **GRANTED**.  Hoosier Hills' Answer, which was previously submitted to

the court, is deemed filed as of the date Hoosier Hills filed its motion to intervene,

December 15, 2008.

There is currently pending a motion to dismiss filed by the NRC. If Hoosier Hills

wishes to assert a position not already represented in NRC's brief in support of that

motion, or provide further argument, Hoosier Hills must notify the court within **15 days**

from the date of this Entry of its intention. At that time, the court will determine the

appropriate briefing schedule if applicable.


**SO ORDERED** this 17th day of February 2009.



_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana



Electronic copies to:

Sierra Lynn Cutts
INDIANA OFFICE OF THE ATTORNEY GENERAL
sierra.cutts@atg.in.gov

Joseph M. Hendel
HACKMAN HULETT & CRACRAFT LLP
jhendel@hhclaw.com

Peter Campbell King
CLINE KING & KING PC
pck@lawdogs.org

Philip B. McKiernan
HACKMAN HULETT & CRACRAFT, LLP
pmckiernan@hhclaw.com

Anthony Seaton Ridolfo Jr.
HACKMAN HULETT & CRACRAFT LLP
aridolfo@hhclaw.com

Tamara B. Wilson
CLINE KING & KING P.C.
tbw@lawdogs.org