UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ROCKIES EXPRESS PIPELINE LLC, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|   vs. | ) | 1:08-cv-1651-RLY-JMS |
| | ) | |
| INDIANA STATE NATURAL | ) | |
| RESOURCES COMMISSION, | ) | |
|     Defendant, | ) | |
| | ) | |
|   and | ) | |
| | ) | |
| ELROD WATER COMPANY, d/b/a | ) | |
| HOOSIER HILLS REGIONAL WATER | ) | |
| DISTRICT, | ) | |
|     Defendant-Intervenor. | ) | |

**ENTRY ON MOTIONS TO DISMISS**

This matter is now before the court on the motions filed by Defendant, the Indiana State Natural Resources Commission ("NRC"), and Defendant-Intervenor, Elrod Water Company, d/b/a Hoosier Hills Regional Water District ("Hoosier Hills") (collectively "Defendants"), seeking to dismiss Rockies Express Pipeline LLC's ("REX") Complaint for Declaratory Judgment, Temporary Restraining Order, Preliminary Injunction and Permanent Injunction ("Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(1). For the reasons set forth below, the motions to dismiss are **DENIED**.

1

I.      **Background**

On May 30, 2008, the Federal Energy Regulatory Commission ("FERC") issued REX a Certificate of Public Convenience and Necessity (the "FERC Certificate"), authorizing the construction and operation of an interstate natural gas pipeline across Indiana and neighboring states. The FERC Certificate includes a number of conditions, including a requirement that REX obtain a Flood Control Permit from the Indiana State Department of Natural Resources ("DNR") prior to the start of construction. (FERC Certificate at 71 ¶ 78). The FERC Certificate also provides that:

> [a]ny state or local permits issued with respect to the jurisdictional facilities authorized herein must be consistent with the conditions of this certificate. We encourage cooperation between interstate pipelines and local authorities. However, this does not mean that state and local agencies, through application of state or local laws, may prohibit or unreasonably delay the construction or operation of facilities approved by this Commission.

(*Id.* at 49 ¶ 192).

Consistent with the FERC Certificate, REX obtained a Certificate of Approval (the "DNR Certificate") from the DNR authorizing REX to commence construction of the natural gas pipeline within and across the floodway and channel of the Whitewater River in Franklin County, Indiana. Hoosier Hills, along with the Franklin County Drainage Board and several other water utilities, filed petitions with the NRC seeking administrative review of the DNR Certificate. REX moved for dismissal of the NRC review on the grounds that federal law preempts the NRC's authority and jurisdiction to conduct such a review. That motion was denied by the presiding administrative law

2

judge, causing REX to file the instant action with this court, seeking a declaration that federal law indeed preempts any authority or jurisdiction possessed by the NRC to take any further action in connection with the review of the DNR Certificate. The NRC and Hoosier Hills now move for dismissal of this action pursuant to Federal Rule of Civil Procedure 12(b)(1).[1]

## II.     Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(1) requires the court to dismiss an action for lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). When deciding a Rule 12(b)(1) motion, the court "must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995) (citing *Rueth v. EPA*, 13 F.3d 227, 229 (7th Cir. 1993)). The court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Ezekiel*, 66 F.3d at 897 (citations omitted). The burden of proof is on the party asserting jurisdiction. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884 (3d Cir. 1977)).

---

[1] In their respective briefs, the NRC and Hoosier Hills delve into the merits of REX's claim that the Natural Gas Act, 15 U.S.C. § 717 *et seq.*, preempts the NRC's administrative review of the DNR Certificate. The purpose of a motion to dismiss, however, is to test the sufficiency of the complaint, not to decide the merits of the plaintiff's claims. Accordingly, the issue of preemption is not properly before the court at this time and will not be addressed in this entry.

### III. Discussion

In support of their motions to dismiss for lack of subject matter jurisdiction, Defendants set forth three arguments: (1) there is no actual controversy in this matter; (2) this action is not ripe for review; and (3) the court should abstain from reviewing this action pursuant to *Younger v. Harris*. The court addresses each of these arguments in turn below.

#### A. Actual Controversy

Article III of the Constitution confines federal judicial power to the adjudication of actual "cases" and "controversies." *Allen v. Wright*, 468 U.S. 737, 750 (1984). Accordingly, federal courts may not render advisory opinions that address abstract legal questions. *United Pub. Workers v. Mitchell*, 330 U.S. 75, 89 (1947). In determining whether a justiciable case or controversy exists, the court must consider whether the contentions of the parties present "a real, substantial controversy between parties having adverse legal interests, a dispute definite and concrete, not hypothetical or abstract." *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979) (quoting *Railway Mail Assoc. v. Corsi*, 326 U.S. 88, 93 (1945)).

Defendants argue that there is no actual controversy in the instant matter because the NRC has not issued a ruling and REX is merely speculating that the NRC will revoke or alter the DNR Certificate. However, REX is not challenging the NRC's anticipated substantive decision, but rather the NRC's authority to conduct the administrative review. As the NRC contends that it does have the authority to conduct the administrative review

and, in fact, has already initiated the review, there is an actual controversy between the parties.  *See Middle South Energy, Inc. v. Arkansas Pub. Service Comm'n*, 772 F.2d 404, 410-11 (8th Cir. 1985) ("It can hardly be doubted that a controversy sufficiently concrete for judicial review exists when the proceedings sought to be enjoined is already in progress.").

      **B.**      **Ripeness**

Related to the Article III "case or controversy" requirement is the legal doctrine of ripeness.  The basic rationale of the ripeness doctrine "is to prevent the courts, through the avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties."  *Abbott Labs. v. Gardner*, 387 U.S. 136, 148-49 (1967).  When a claim is not ripe, the court lacks subject matter jurisdiction.  *Flying J Inc. v. City of New Haven*, 549 F.3d 538, 544 (7th Cir. 2008).  In considering whether a claim is ripe, the court must look to "(1) the fitness of the issues for judicial decision and (2) the hardship to the parties of withholding court consideration."  *Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 808 (2003) (citing *Abbott Labs.*, 387 U.S. at 149).

Both of these factors weigh in favor of finding that REX's challenge to the NRC's administrative review is ripe for adjudication.  The question of whether the Natural Gas Act preempts any authority or jurisdiction possessed by the NRC to review the DNR Certificate is predominately legal, making it fit for judicial decision.  *See Pacific Gas &*

*Elec. Co. v. State Energy Res. Conservation & Dev. Com'n*, 461 U.S. 190, 201 (1983) ("The issue of preemption is predominately legal . . . "). Moreover, the court withholding consideration would work substantial hardship on REX. REX contends that it should not have to participate in the NRC administrative proceedings. The hardship REX is facing is the process itself, namely the associated time and money. *See N.E. Hub Partners, L.P. v. CNG Transmission Corp.*, 239 F.3d 333, 342 (3d Cir. 2001); *see also Sayles Hydro Assoc. v. Maughan*, 985 F.2d 451, 454 (9th Cir. 1993). Accordingly, REX's claims are ripe for adjudication.

### C. *Younger* Abstention

"As a general rule, federal courts will not abstain from deciding cases within their jurisdiction." *New Albany DVD, LLC v. City of New Albany, Ind.*, 350 F. Supp. 2d 789, 791 (S.D. Ind. 2004) (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-18 (1976)). Defendants, however, ask the court to decline to review the instant action pursuant to the *Younger* abstention doctrine. *Younger v. Harris*, 401 U.S. 37 (1971), "and its progeny espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex County Ethics Comm. v. Garden State Bar Assoc.*, 457 U.S. 423, 431 (1982). In order for a federal court to abstain under *Younger*, three elements must exist: (1) there must be an ongoing state judicial proceeding, (2) the proceedings must implicate important state interests, and (3) there must be an adequate opportunity to raise constitutional challenges in the state proceeding. *Id*. at 432. Additionally, there must not

6

be any extraordinary circumstances such as bias or harassment which would weigh against abstention. *Id.* at 435.

The instant case fails to meet the first element required for *Younger* abstention. The *Younger* abstention doctrine, which originally applied only to state criminal proceedings, has been extended to administrative proceedings. *See, e.g., Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619 (1986) (holding that the *Younger* abstention doctrine prevented a federal injunction against an on-going sex discrimination proceeding before the Ohio Civil Rights Commission). However, the administrative proceeding must still be "judicial in nature." *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 370 (1989). The NRC's administrative review of the DNR Certificate is not judicial in nature because it is not predicated on an allegation that REX has violated a state law. Accordingly, the *Younger* abstention doctrine does not apply.

**IV. Conclusion**

For the foregoing reasons, NRC's Motion to Dismiss (Docket # 24) and Hoosier Hills' Motion to Dismiss (Docket # 40) are **DENIED**.

**SO ORDERED** this 23rd day of September 2009.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Sierra L. Alberts
INDIANA OFFICE OF THE ATTORNEY GENERAL
sierra.alberts@atg.in.gov

Joseph M. Hendel
HACKMAN HULETT & CRACRAFT LLP
jhendel@hhclaw.com

Peter Campbell King
CLINE KING & KING PC
pck@lawdogs.org

Philip B. McKiernan
HACKMAN HULETT & CRACRAFT, LLP
pmckiernan@hhclaw.com

Anthony Seaton Ridolfo Jr.
HACKMAN HULETT & CRACRAFT LLP
aridolfo@hhclaw.com


Tamara B. Wilson
CLINE KING & KING P.C.
tbw@lawdogs.org